UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MICHAEL A.S., Sr.,

                    Plaintiff,          <u>REPORT & RECOMMENDATION</u>
                                                7:23-cv-06184-KMK-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2020, Plaintiff Michael A.S., Sr.[1] applied for Supplemental Security Income Benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Chermol & Fishman, LLC, Daniel Hersh Fishman, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a Report and Recommendation on May 2, 2024. For the following reasons, it is

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

recommended that the Commissioner's decision should be affirmed, and this case should be dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on February 7, 2020, alleging disability beginning October 1, 2019. (T at 239-49, 250-62).[2]  Plaintiff's applications were denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 9, 2021, before ALJ Lori Romeo. (T at 31-70).  Plaintiff appeared with an attorney and testified. (T at 40-51). During the hearing, Plaintiff amended his alleged onset date to April 1, 2020. (T at 36).  The ALJ also received testimony from Victor Alberigi, a vocational expert. (T at 53-69).

### B.    *ALJ's Decision*

On November 3, 2021, the ALJ issued a decision denying the applications for benefits. (T at 11-30).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2020 (the amended alleged onset date). (T at 16).  The ALJ determined that Plaintiff meets the

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

insured status requirements under the Social Security Act through December 31, 2025. (T at 16).

The ALJ concluded that Plaintiff's degenerative disc disease of the thoracic and lumbar spine, knee impairment, obesity, adjustment disorder, depressive disorder, and anxiety disorder were severe impairments as defined under the Act. (T at 17).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 17).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b), with the following limitations: he can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six out of eight hours; and sit for six out of eight hours, with a change every hour, but can remain on task whether sitting or standing. (T at 20).

The ALJ found that Plaintiff requires a cane for ambulation only; has no limitation in his ability to push and pull at the light exertional weight limits described above; can maintain body equilibrium to prevent falling when walking and standing; can occasionally climb stairs and stoop, but

3

cannot crouch, kneel, crawl, or climb ladders or scaffolds. (T at 20).  The ALJ determined that Plaintiff should work indoors and could be exposed to normal indoor temperatures but cannot have exposure to concentrated wetness. (T at 20).

The ALJ found Plaintiff limited to work involving simple skills, i.e., work that requires little or no judgment to perform simple duties that a person can learn on the job in a short period of time (30 days or less), typically classified with a specific vocational preparational rating of one or two in the *Selected Characteristics of Occupations* ("SCO"). (T at 20).

The ALJ further concluded that Plaintiff can perform work up to and including semi-skilled work, *i.e.*, work that requires some skills, but does not require complex duties, and usually has a specific vocational preparational rating of three or four under the SCO and he is limited to work with no public contact and only occasional contact with co-workers, defined as the ability to work in proximity to others, but not on joint tasks, and on tasks with a slow introduction to workplace changes. (T at 20).

The ALJ concluded that Plaintiff could not perform his past relevant work as a chef or line cook. (T at 22).  However, considering Plaintiff's age (50 on the amended alleged onset date), education (at least high school, able to communicate in English), work experience, and RFC, the ALJ

determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 25-26).  As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 1, 2020 (the amended alleged onset date) and November 3, 2021 (the date of the ALJ's decision). (T at 26).

On May 19, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.    Procedural History

Plaintiff commenced this action by filing a Complaint on July 18, 2023. (Docket No. 1).  Plaintiff filed a brief on December 10, 2023. (Docket No. 14).  The Commissioner submitted a brief on February 13, 2024. (Docket No. 16).  Plaintiff filed a reply brief on February 29, 2024. (Docket No. 17).  The matter was assigned to the undersigned for a Report and Recommendation on May 2, 2024.

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one primary argument in support of his challenge to the ALJ's decision.  Plaintiff argues that the ALJ erred because she did not address his cervical spine impairment, which in turn undermines the RFC determination by failing to account for additional limitations arising from that impairment.  For the following reasons, the Court finds no reversible error in the ALJ's decision.

At step two of the sequential evaluation process, the ALJ identifies the claimant's medically determinable impairments and then determines whether those impairments are "severe," *i.e.* whether they significantly limit the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

A "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a

minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, the ALJ identified the following medically determinable impairments and concluded that they were severe within the meaning of the Social Security Act: degenerative disc disease of the thoracic and lumbar spine, knee impairment, obesity, adjustment disorder, depressive disorder, and anxiety disorder. (T at 17).

The ALJ also recognized Plaintiff's hypertension, hyperlipidemia, gastroesophageal reflux disease, diabetes mellitus, and vitamin D deficiency as medically determinable impairments, but found these impairments to be non-severe. (T at 17).

As noted above, the ALJ found that Plaintiff retained the RFC to meet the physical demands of a reduced range of light work. (T at 20).

Plaintiff argues that the ALJ erred by failing to recognize his cervical spine impairment as a medically determinable impairment, failing to determine whether the impairment was severe, and failing to incorporate additional limitations arising from that impairment into the RFC.

In support of this argument, Plaintiff points to an MRI of his cervical spine, which shows a C3-C4 2mm central disc herniation with cord

impingement and flattening, a C6-C7 2mm central disc herniation with cord impingement and flattening, and straightened cervical lordosis. (T at 1028).

Plaintiff notes, correctly, that although the ALJ and Plaintiff's counsel discussed this MRI and the alleged cervical spine impairment during the administrative hearing (T at 36-40), the ALJ's decision does not reference the MRI and contains no analysis regarding the cervical spine impairment.

In light of the foregoing, the Court finds that it was error for the ALJ to have failed to discuss and analyze the evidence of potential cervical spine impairment.

Even though the ALJ did not discuss and analyze in her written decision the potential cervical spine impairment, the failure to do so was harmless error, which does not require a remand. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand is not appropriate if the ALJ committed harmless error, *i.e.*, where the "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The reason the error was harmless is for the following reason. Notably, the only evidence Plaintiff cites in support of his argument is the MRI, which was performed in June of 2015, nearly five (5) years prior to the amended alleged onset date and while Plaintiff was still engaged in full-

11

time work.  During the administrative hearing, the ALJ discussed the remote timing of the MRI relative to the alleged onset date and highlighted the fact that Plaintiff was working when it was performed. (T at 37).

In contrast, the evidence from the relevant period provides ample support for the ALJ's assessment of Plaintiff's RFC and does not support Plaintiff's speculative claim of additional, unrecognized limitations related to his cervical spine issues.

Dr. Silvia Aguiar performed a consultative examination in July of 2020.  Plaintiff reported his chief complaints as left knee pain, lower back pain, hypertension, and diabetes. (T at 411).  On examination, Plaintiff demonstrated normal gait and stance; full flexion, extension, and lateral flexion bilaterally of the cervical spine; full range of motion of his shoulders, elbows, forearms, wrists, hips, knees, and ankles; no sensory deficit; full strength in his upper and lower extremities; hand and finger dexterity intact with full grip strength; and no muscle atrophy. (T at 412-13).

Dr. Aguiar diagnosed left knee pain, lower back pain, history of left knee osteoarthritis, hypertension, and non-insulin dependent diabetes. (T at 414).  She opined that Plaintiff had mild limitations with respect to heavy lifting/carrying, prolonged standing and walking, climbing stairs, kneeling, and crouching. (T at 414).

A second consultative examination was performed in March of 2021 by Dr. Ram Ravi.  Plaintiff identified back pain, bilateral knee pain, hypertension, and diabetes as his chief complaints. (T at 478).  Dr. Ravi documented clinical examination findings essentially consistent with those made by Dr. Aguiar, including full flexion, extension, lateral flexion, and full rotary movement of the cervical spine; full strength in the upper and lower extremities; no muscle atrophy; intact hand and finger dexterity; and full grip strength. (T at 479-80).

Dr. Ravi diagnosed back pain, bilateral knee pain, hypertension, and diabetes and opined that Plaintiff had no limitations with respect to sitting, standing, bending, pushing, pulling, lifting, or carrying. (T at 480-81).

Two non-examining State agency medical consultants, Dr. R. Uppal and Dr. J. Randall, reviewed the evidence and opined that Plaintiff could perform light work with occasional to frequent postural maneuvers, unlimited balancing, and no manipulative limitations. (T at 77-79, 105-08).

The foregoing assessments provide significant support for the ALJ's assessment of Plaintiff's RFC. *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are

13

consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v.*
*Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan.
22, 2004)).

In addition, the ALJ's decision is supported by a reasonable reading
of the record, which is consistent with the conclusion that Plaintiff could
perform a reduced range of light work and does not support Plaintiff's claim
of additional limitations arising from his cervical spine.

The record documents Plaintiff's consistent complaints of lower back
pain, but also that he experienced significant relief, without adverse side
effects, from medication and a back brace. (T at 712, 719, 726, 736, 743,
747, 755). On examination, Plaintiff was consistently noted to have
tenderness, spasms, and range of motion limitation in the lumbar spine, but
no neurological or sensory deficits. (T at 713-14, 720-21, 727-28, 737-38,
821).  Plaintiff reported that he attended to self-care without assistance, did
laundry twice a week, shopped weekly, took public transportation without
assistance, and performed light chores such as cooking and cleaning. (T at
407, 479, 486).

In sum, although it would have been preferable if the ALJ had
addressed the 2015 MRI and alleged cervical spine impairment, her
ultimate conclusion that Plaintiff retained the RFC to perform a reduced

range of light work is supported by multiple medical opinions, including the assessments of two physicians who examined Plaintiff during the time period in question, a reasonable reading of the treatment record, and appropriate assessment of Plaintiff's activities of daily living.

The ALJ's error, therefore, was harmless and a remand is not required. *See Camino v. Colvin*, No. 1:13–CV–00626 (MAT), 2015 WL 5179406, at *6 (W.D.N.Y. Sept. 4, 2015) (finding harmless error where ALJ did not explicitly consider medical opinion because it would not have changed the outcome of the decision, which was supported by substantial evidence); *Arguinzoni v. Astrue*, No. 08–CV–6356T, 2009 WL 1765252, at *9 (W.D.N.Y. June 22, 2009) (finding harmless error where ALJ did not assign specific weight to medical opinions because decision was supported by substantial evidence) (collecting cases).

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Commissioner's decision should be affirmed that this case should be DISMISSED.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 17, 2024

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge